# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DIANE LEWIS,<br>    Appellant, | DOCKET NUMBER<br>PH-0843-24-0462-I-2 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>    Agency. | DATE:  April 15, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Diane Lewis, Bear, Delaware, pro se.

Eva Ukkola, Kevin D. Alexander, and Alison Pastor, Washington, D.C.,
    for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying her application for a former spouse survivor annuity under the Federal Employees Retirement System (FERS).  For the reasons set forth below, we find that the appellant's petition was untimely filed without a showing of good

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

cause to waive the filing deadline, and we therefore DISMISS it. We REOPEN this case on our own motion under 5 C.F.R. § 1201.118, however, and REVERSE the initial decision. OPM's reconsideration decision is REVERSED.

## BACKGROUND

The appellant's former spouse, R.L., retired as a mail handler for the U.S. Postal Service on May 1, 2016, after over 30 years of Federal service. *Lewis v. Office of Personnel Management*, MSPB Docket No. PH-0843-24-0462-I-1, Initial Appeal File (IAF), Tab 5 at 71-80, 88. He elected a reduced annuity with maximum survivor annuity for the appellant at the time of his retirement. *Id.* at 71. On July 18, 2017, after nearly 44 years of marriage, the appellant and R.L. appeared pro se before a judge of the Superior Court of New Jersey and obtained a divorce decree. *Lewis v. Office of Personnel Management*, MSPB Docket No. PH-0843-24-0462-I-2, Appeal File (AF-2), Tab 3 at 4-6. The divorce decree incorporated by reference a July 17, 2017 notarized agreement between the appellant and R.L. *Id.* The agreement included the following language, written from the appellant's perspective: "I would like to keep . . . his pension if he expire [sic] before me . . . ." *Id.* at 6. R.L. passed away on June 5, 2023. IAF, Tab 5 at 36.

By letter dated March 5, 2024, OPM determined that the appellant was not eligible for a survivor annuity under FERS, reasoning that the divorce decree did not expressly state that she was entitled to a former spouse survivor annuity. *Id.* at 11. The appellant requested reconsideration, and OPM issued a reconsideration decision, dated June 26, 2024, affirming its initial decision. IAF, Tab 1 at 9-11. The appellant then filed an appeal with the Board.[2] *Id.*

Following the appellant's requested hearing, the administrative judge issued an initial decision, dated March 11, 2025, affirming OPM's

---

[2] Her initial appeal was dismissed without prejudice to refiling. IAF, Tab 13, Initial Decision.

reconsideration decision. AF-2, Tab 7, Initial Decision (ID). The administrative judge determined that, while the agreement expressly stated that she was entitled to a former spouse survivor annuity, it did not expressly award a survivor annuity because it did not identify R.L.'s retirement system, i.e., FERS. ID at 6. Thus, the administrative judge concluded that the appellant did not prove that she was entitled to a survivor annuity under FERS. *Id.* The initial decision informed the appellant that it would become final on April 15, 2025, unless a petition for review was filed on that date. ID at 7.

The appellant filed a petition for review on April 23, 2025. Petition for Review (PFR) File, Tab 1. She later filed a motion to accept the petition for review as timely filed or to set aside the deadline. PFR File, Tab 3 at 13-14. The agency responded in opposition to review and, furthermore, requested that the petition for review be dismissed as untimely filed. PFR File, Tab 5.

**ANALYSIS**

The petition for review is untimely, and the appellant has not shown good cause to waive the filing deadline.

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). The initial decision was issued on March 11, 2025, and the petition for review was due by April 15, 2025. ID. Thus, the appellant filed her petition for review 12 days late, on April 23, 2025. PFR File, Tab 1 at 7; *see* 5 C.F.R. § 1201.4(*l*) (providing that the date of filing by mail is determined by the postmark date).

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.113(d), 1201.114(f). To establish good cause for the untimely filing, the appellant must show that she exercised due diligence or ordinary prudence under the particular

circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). While the appellant has filed a motion to accept the petition for review as timely filed or to set aside the deadline, her stated reasons for the untimeliness of the filing pertain to circumstances after the April 15, 2025 deadline. PFR File, Tab 3 at 13. Therefore, we find that she has not shown good cause for her untimely filing, and we dismiss her petition for review.

We reopen this appeal on our own motion.

Nonetheless, we reopen this appeal on our own motion under 5 U.S.C. § 7701(e)(1)(B) and 5 C.F.R. § 1201.118. The Board has broad discretion in deciding whether reconsideration of a decision is necessary to preserve consistency or achieve the right result. *Wright v. U.S. Postal Service*, 183 F.3d 1328, 1332 (Fed. Cir. 1999); *Azarkhish v. Office of Personnel Management*, 915 F.2d 675, 679 (Fed. Cir. 1990). It has consistently exercised this discretion, especially in annuity cases such as this one, to prevent manifest injustice to a party's substantive rights. *See Moore-Meares v. Office of Personnel Management*, 105 M.S.P.R. 613, ¶¶ 7-8 (2007); *Sutcliff v. Office of Personnel Management*, 86 M.S.P.R. 101, ¶ 7 (2000). For the reasons discussed below, we find that OPM's reconsideration decision and the initial decision affirming the same were inconsistent with statute and regulation, and that the appellant is entitled to a survivor annuity. Accordingly, we find that the circumstances of this case warrant reopening.

The appellant is entitled to a survivor annuity as a former spouse.

The appellant's right to a survivor annuity as a former spouse is governed by the portion of FERS codified at 5 U.S.C. § 8445. That section provides that a former spouse of a deceased employee is entitled to a survivor annuity "if and to the extent expressly provided for" in either (1) an election under 5 U.S.C. § 8417(b) or (2) "the terms of any decree of divorce or annulment or any court order or court-approved property settlement agreement incident to such

decree." 5 U.S.C. § 8445(a). Although the "expressly provided for" provision of § 8445(a) does not require the use of "magic words," the intent to provide a survivor annuity must be clear, definite, explicit, plain, direct, and unmistakable, not dubious or ambiguous. *See Holzman v. Office of Personnel Management*, 62 M.S.P.R. 254, 257 (1994) (interpreting identical language found in 5 U.S.C. § 8341(h)(1)), *aff'd per curiam*, 48 F.3d 1237 (Fed. Cir. 1995) (Table).

OPM has promulgated regulations that define when a divorce decree or other court order expressly awards a former spouse survivor annuity. Title 5 C.F.R. § 838.804(b) provides that such a court order must:

> (1) Identify the retirement system using terms that are sufficient to identify the retirement system as explained in § 838.911; and

> (2) (i) Expressly state that the former spouse is entitled to a former spouse annuity using terms that are sufficient to identify the survivor annuity as explained in § 838.912; or

> (ii) Expressly direct the retiree to elect to provide a former spouse survivor annuity using terms that are sufficient to identify the survivor annuity as explained in § 838.912.

The divorce decree at issue here satisfies these conditions.

Contrary to the finding of the administrative judge, we find that the settlement agreement incorporated into the divorce decree satisfies the first condition.[3]  Ordinarily, to meet the requirements of § 838.804(b)(1), a court order must include language identifying the retirement system, using such terms as "FERS," "OPM," or "Federal Government" survivor benefits. *See* 5 C.F.R. § 838.911(a).  The administrative judge correctly found that no such language identifying R.L.'s retirement system appears in the terms of the agreement. However, OPM's regulations further provide, in relevant part:  "A court order that requires an employee or retiree to maintain survivor benefits covering the former spouse satisfies the requirements of § 838.804(b)(1), if the former spouse

---

[3] We adopt the administrative judge's correct finding that the notarized July 17, 2017 property settlement agreement was incorporated into and became a term of the divorce decree.  ID at 6; AF-2, Tab 3 at 4-6.

was covered by a . . . FERS survivor annuity . . . at the time of the divorce." 5 C.F.R. § 838.911(d). It appears that neither OPM nor the administrative judge considered this regulatory provision, which we find to be material in this case.

The record reflects that R.L. retired under FERS before he and the appellant divorced on July 18, 2017, and that he elected a reduced FERS annuity with maximum survivor annuity for the appellant in his FERS application. IAF, Tab 5 at 71. Furthermore, OPM's business records show that R.L.'s annuity had been reduced to fund the survivor annuity through the time of divorce, as evident by its decision to retroactively process a change to an unreduced annuity, effective August 1, 2017. *Id.* at 2, 48-49.[4] Thus, we find that the appellant was covered by a FERS survivor annuity at the time of the divorce. As discussed further below, the clear meaning of the language of the agreement, stating that the appellant will "keep" R.L.'s pension if he expires before her, requires that R.L. maintain survivor benefits covering the appellant. AF-2, Tab 3 at 6. Accordingly, we find that the agreement satisfies the requirements of § 838.804(b)(1). 5 C.F.R. § 838.911(d); *see Petrimoulx v. Office of Personnel Management*, 101 M.S.P.R. 1, ¶¶ 6-7 (2005).

As for the second condition, we agree with the administrative judge that the agreement satisfies the requirements because it expressly provides for a survivor annuity. ID at 6. Title 5 C.F.R. § 838.912 provides, in relevant part:

> (a) To satisfy the requirements of § 838.804(b)(2), a court order must specify that it is awarding a former spouse survivor annuity. The court order must contain language such as "survivor annuity," "death benefits," "former spouse survivor annuity under 5 U.S.C. 8341(h)(1)," etc.
>
> (b) (1) A court order that provides that the former spouse is to "continue as" or "be named as" the beneficiary of FERS survivor

---

[4] A March 5, 2024 internal memorandum indicates that OPM processed a "Y-adjustment," i.e., a change to unreduced annuity, after determining that there was no court awarded survivor annuity. *See* Form RI 20-120, Request for Change to Unreduced Annuity, available at https://www.opm.gov/forms/pdf_fill/ri20-120.pdf (last visited Apr. 15, 2026).

benefits or similar language satisfies the requirements of § 838.804(b)(2).

(2) A court order that requires an employee or retiree to maintain survivor benefits covering the former spouse satisfies the requirements of § 838.804(b)(2), if the former spouse was covered by a FERS . . . survivor annuity . . . at the time of the divorce.

The relevant language of the agreement, identifying "[R.L.'s] pension if he expire[s] before [the appellant] . . . ," expressly refers to benefits that would take effect upon R.L.'s death. AF-2, Tab 3 at 6. Thus, the court-approved agreement meets the specificity requirement of § 838.912(a). Moreover, as the agreement states that the appellant will "keep" these benefits, the only reasonable interpretation of the agreement is that the appellant is to continue as the beneficiary—or that R.L. maintain her as the beneficiary—of the death-related pension benefits that R.L. had already elected. AF-2, Tab 3 at 6. As mentioned above, R.L. had elected a reduced annuity with maximum survivor annuity for the appellant before the divorce agreement. IAF, Tab 5 at 71. Thus, we find that the court-approved agreement also satisfies the requirements of (b)(1) and, equivalently, (b)(2).

Based on the above, we conclude that the settlement agreement incorporated into the divorce decree expressly provides for the appellant to receive a survivor annuity. 5 U.S.C. § 8445(a); *see Fox v. Office of Personnel Management*, 100 F.3d 141, 143 (Fed. Cir. 1996) (explaining that "magic words" are not necessary to entitle a former spouse to a survivor annuity, interpreting the identical language found in 5 U.S.C. § 8341(h)); *Petrimoulx*, 101 M.S.P.R. 1, ¶¶ 6-7; *see also Thomas v. Office of Personnel Management*, 46 M.S.P.R. 651, 654 (1991) (recognizing the deceased spouse's decision, already made at the time of divorce, to provide for and fund a survivor annuity for the former spouse). Accordingly, we find that the appellant is entitled to a survivor annuity, and we reverse the initial decision.

**ORDER**

We ORDER OPM to grant the appellant's application for a survivor annuity as the former spouse of R.L. OPM must complete this action no later than 20 days after the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the Clerk of the Board.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        *Gina K. Grippando*
                                      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.